

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VICTORIA ZARLENGA

   *Plaintiff*

   V.

RICHARD SCOTT, M.D, individually
and in his capacity as Orthopedic Surgeon;
CHRISTOPHER HARROD, M.D., individually
and in his capacity as Orthopedic Surgeon;
BRIGHAM AND WOMEN'S HOSPITAL;
JOHN DOE ; AND JANE DOE

   *Defendants*

# 10 CA 11603 NMG

Civil Action No.

MAGISTRATE JUDGE

## COMPLAINT

### THE PARTIES

1.  Plaintiff Victoria Zarlenga is a resident of West Warwick, Rhode Island.

2.  Defendant Richard Scott, M.D.  is a board certified orthopedic surgeon licensed to

practice in Massachusetts. At all relevant times, Defendant Richard Scott had a place of

business at Brigham and Womans Hospital 75 Francis Street  Boston,

Massachusetts 02115; and Dept. of Orthopedic Surgery 125 Parker Hill Avenue,

Boston, Massachusetts.

/

3.  Defendant Christopher Harrod, M.D. is a orthopedic surgeon licensed to practice in

Massachusetts. At all relevant times, Defendant Christopher Harrod had a place of

business at Brigham and Womans Hospital 75 Francis Street  Boston,

Massachusetts 02115   Also, the defendant Dr. Harrod  is located  at

55 Fruit Street Boston, Massachusetts 02114

4.   Defendant Brigham and Womans Hospital is a Corporation providing medical

services and has its principal place of business located at  75 Francis Street   Boston,

Massachusetts 02115

## JURISDICTION AND VENUE

5.   This Court has jurisdiction under 28 U.S.C 1331and 28 U.S.C. 1332. The Plaintiff

and the Defendants are citizens of different states and the amount in controversy

exceeds the sum or value of $ 75, 000, exclusive of interest and costs.

6.   The Court may exercise personal jurisdiction over the Defendants, and venue is

appropriate in this Court, under 31 U.S.C. 3732(a), because defendants Richard Scott

M.D.; Christopher Harrod M.D.; and Brigham and Womans Hospital transacts

business in this District; maintains their principal place of business in Boston,

Massachusetts and caused Plaintiff's injuries in this District.

2

**FACTS**

7.  Plaintiff states that the defendants were negligent in their care and treatment of
    Plaintiff Victoria Zarlenga in that they failed to care for and treat her in accordance
    with the standard of care and skill required of and ordinarily exercised by the average
    qualified physician engaged in medical practice at a professional level such as that in
    which the defendants were engaged.

8.  Plaintiff states that the defendants breached their duty of care during their treatment of
    Plaintiff Victoria Zarlenga which resulted in physical injury to the Plaintiff.

9.  Plaintiff states that Plaintiff developed, including but not limited to new onset Atrial
    fibrillation and congestive heart failure as a direct result of the defendants breach of
    duty of care and negligence.

10. Plaintiff states that atrial fibrillation is a condition where the top chambers of the
    heart do not beat normally.  Blood clots may form in the blood that is not squeezed
    out of the atria. These blood clots can travel to other places in the body and cause
    stroke and death.  Atrial Fibrillation is associated with increased morbidity and
    mortality.

11. Plaintiff states that on September 10, 2007 Plaintiff had knee replacement surgery,
    (see attached Plaintiff's medical record from Brigham and Women Hospital ).

3

12.   Plaintiff Victoria Zarlenga states that Plaintiff's daughter Lori Zarlenga stayed with Plaintiff throughout her entire stay at Brigham and Womens Hospital.

13.   Plaintiff states that the defendant Dr. Richard Scott was the orthopedic surgeon who performed Plaintiff's knee replacement surgery at Brigham and Womens Hospital.

14.   Plaintiff states that the defendant Christopher Harrod was the attending orthopedic surgeon at Brigham and Womens Hospital.

15.   Plaintiff states that on September 13, 2007 Plaintiff had a urinary tract infection and ciprofloxacin,(antibiotic), was prescribed by the defendant Dr. Richard Scott, (see attached Plaintiff's medical record from Brigham and Women Hospital ).

16.   Plaintiff states that defendant Dr. Harrod stated to Plaintiff that Dr. Scott prescribed Zyprexa to Plaintiff and that he, Dr. Harrod consulted with Dr. Scott.

17.   Plaintiff states that on September 14, 2007, the physical therapist at Brigham and Women Hospital stated that Plaintiff Victoria Zarlenga is doing better and progressing, (see attached Plaintiff's medical record from Brigham and Women Hospital ).

18. Plaintiff states that on September 15, 2007 Brigham and Womens handwritten progress notes state that ciprofloxacin was given to Plaintiff Victoria Zarlenga at 6:00 pm for 7 days, (see attached Plaintiff's medical record from Brigham and Women Hospital ).

4

19. Plaintiff states that on September 15, 2007 Brigham and Womens handwritten notes state Zyprexa, (olanzapine) an antipsychotic drug, given to Plaintiff Victoria Zarlenga, (see attached Plaintiff's medical record from Brigham and Women Hospital ).

20. Plaintiff states that the defendants should have tested Plaintiff's liver enzymes, prior to prescribing Zyprexa and monitored Plaintiff's liver enzymes during Plaintiff ingestionof Zyprexa.

21. Plaintiff states that in older people their kidneys are less able to excrete drugs into the urine, and the liver is less able to metabolize drugs.

22. Plaintiff states that antipsychotic drugs have increased risk in older people and that safer drugs can often be substituted

23. Plaintiff states that the defendants should have tested Plaintiff's blood levels for Zyprexa.

24. Plaintiff states that Plaintiff requested that the defendants test Plaintiff's blood level for Zyprexa, however the defendants refused Plaintiff's request.

25. Plaintiff's states that the defendants should have taken measures to enhance the elimination of Zyprexa in Plaintiff.

26. Plaintiff states that the defendants failed to disclose and withheld the fact that Zyprexa had been prescribed to Plaintiff.

27. Plaintiff states that the defendants failed to warn, disclose, and provide information regarding any risks including but not limited to drug interactions associated with medications prescribed to Plaintiff.

28. Plaintiff states that if Plaintiff had been aware that Zyprexa was prescribed, Plaintiff would never have consented to ingesting Zyprexa and as a result would not have suffered damage.

29. Plaintiff states that Plaintiff had a right to know and to be informed that the defendants prescribed Zyprexa, prior to ingesting Zyprexa.

30. Plaintiff states that on September 16, 2007 Brigham and Womens handwritten notes state that Plaintiff refuses Zyprexa, (see attached Plaintiff's medical record from Brigham and Women Hospital ).

31. Plaintiff states that on September 18, 2007, Plaintiff had an EKG . Plaintiff's EKG test results showed new onset atrial fibrillation.

32. Plaintiff states that Plaintiff requested to be examined by a cardiologist at Brigham and Womens Hospital, however the defendants refused Plaintiff's request. Subsequently Plaintiff was seen by a cardiologist after Plaintiff's daughter's diligent efforts in obtaining a cardiologist.

33. Plaintiff states that prior to September 10, 2007, Plaintiff had preoperative testing at
    Brigham and Womens Hospital which EKG test results were normal and no sign
    of atrial fibrillation or congestive heart failure,( see attached Plaintiff's medical record
    from Brigham and Womens Hospital).

34. Plaintiff states that on September 18, 2007, Plaintiff had a cat scan of her lungs.
    Plaintiff's cat scan results showed two blood clots located in Plaintiff's right lung.

35. Plaintiff states that on September 18, 2007, Plaintiff had a blood transfusion.
Plaintiff states that on September 18, 2007, the Brigham and Womens medicine consult
progress notes states the following, "No indication for attempts at pharmacologic
conversion for now ( especially w/left atrial size unknown), but would consider if she
remains symptomatic despite adequate control".

36. Plaintiff states that on September 18, 2007 the Medicine consult team at Brigham and
    Womans examined Plaintiff. The Medicine teams impression was that the cause of
    Plaintiff's atrial fibrillation and congestive heart failure was drug induced and related
    to Plaintiff's ingestion of Zyprexa , ,( see attached Plaintiff's medical record
    from Brigham and Womens Hospital).

7

37. Plaintiff states that prescribing Zyprexa and Ciprofloxacin in combination raises the blood level of Zyprexa and increases the side effects of Zyprexa, ( see attached document from PDR.NET re: Olanzapine interactions with Ciprofloxacin  Coadministration of ciprofloxacin with olanzapine,(Zyprexa), results in increased plasma concentrations of the coadministered drug and can lead to clinacally significant pharmacodynamic side effects of the coadministered drug, and see attached Medication guide re: Zyprexa and Ciprofloxacin that comes with the product insert; J Clin Psychopharmocol, 1999 June; 19 (3) : 289 - 91 by Markowitz J S, Devane L L  Re: " Suspected Ciprofloxin inhibition of olanzapine resulting in increased plasma concentration"


38. Plaintiff states the defendants prescribed Zyprexa and Cipro in combination causing a drug interaction; altering the pharmacological effects of Zyprexa, thereby increasing the side effects and causing overdose,( see attached American Journal of Psychiatry re: reported atrial fibrillation , congestive heart failure, and death caused by an overdose of Zyprexa, American Journal of Psychiatry 162:28-33, January 2005, Dr. Larry E. Davis et al ) and (see J Clin Psychopharmocol, 2008 June; 28 (3) : 354 - 5 by Waters, Brian M. MD Re: " Olanzapine - associated new onset Atrial Fibrillation").


39.Plaintiff states that the Physician's Desk Reference and the Medication Guide cautions prescribing Zyprexa in elderly patients.

On September 19, 2007, Plaintiff had an EKG. Plaintiff's EKG test results continued to show new onset atrial fibrillation.

40. On September 22, 2007, Plaintiff had an EKG. Plaintiff's EKG test results continued
    to show new onset atrial fibrillation.

41. On September 26, 2007, Plaintiff Victoria Zarlenga was discharged from Brigham
    and Womens Hospital and subsequently was admitted to Morgan nursing home in
    Rhode Island.

42. Plaintiff states that on October 9, 2007, Plaintiff was admitted to Mirium Hospital in
Rhode Island for Atrial Fibrillation and Congestive heart failure. Sometime in October of
2007, Plaintiff's cardiologist at Mirium hospital attempted to do a TEEguided
cardioversion, but the cardiologist felt Plaintiff had a clot in her heart, as a result
cardioversion was not performed. Plaintiff was discharged from Mirium Hospital on
October 27, 2007, ( see attached Plaintiff's medical record from Miriam Hospital).

43. Plaintiff states that on November 7, 2007, Plaintiff had a post op appointment with
    the defendant Richard Scott at his office, 125 Parker Hill Avenue Boston,
    Massachusetts. However, the defendant Richard Scott did not show up for Plaintiff's
    post op examination. On November 7, 2007, Plaintiff was examined by the defendant
    Richard Scott's physician assistant.

44. Plaintiff states that on December 19, 2007, Plaintiff was admitted to Mirium Hospital
    for TEE guided cardioversion, ( see attached Plaintiff's medical record from Miriam
    Hospital).

7

45. Plaintiff states that on December 21, 2007, Plaintiff had a TEE and cadioversion. The Plaintiff's Atrial Fibrillation was converted into normal sinus rhythm for a short period of time. Plaintiff was discharged on December 22, 2007. Shortly after Plaintiff was discharged Plaintiffs heart was no longer in normal sinus rhythm and Plaintiff's heart remained in atrial fibrillation, ( see attached Plaintiff's medical record from Miriam Hospital).

46. Plaintiff states that Plaintiff's cardiologist stated that Brigham and Womens should have performed a cardioversion in September of 2007. Plaintiff's cardiologist stated that Plaintiff would have had a better successful outcome if doctors at Brigham and Womens had performed cardioverion on Plaintiff in September 2007, when test results showed new onset atrial fibrillation, ( see Direct Cardioversion is the Standard of care because it is the most effective Method, (see Pacing Clin Electrophysiol 2007; 30 (8): 1003-1008)

47. Plaintiff states that on December 22 or 23 , Plaintiff was discharged from Mirium Hospital.

48. Plaintiff states that at the present time, Plaintiff's heart remains in atrial fibrillation and continues to suffer from the damage caused by the defendants failed duty of care and negligence.

*10*

## COUNT I - NEGLIGENCE ( DR. SCOTT )

49. Plaintiff realleges each and every preceding paragraph of her complaint

50. Plaintiff states that Dr.Scott was negligent in his care and treatment of Plaintiff Victoria Zarlenga in that he failed to care for and treat her in accordance with the standard of care and skill required of and ordinarily exercised by the average qualified physician engaged in medical practice at a professional level such as that in which Dr. Scott was engaged.

51. Plaintiff states that when drugs are manufactured, they are sent out with labels indicating whether there are any known drugs in existence with which cause including but not limited to drug interactions, side effects.

52. Plaintiff states that the defendants knew or should have known that prescribing Zyprexa and Ciprofloxacin in combination would cause a drug interaction; altering the pharmacological effects of Zyprexa.

53. Plaintiff states that the defendant Dr.Scott knew or should have known about any risks, complications, drug interactions associated with Zyprexa and Cipro, before prescribing medications to Plaintiff.

54. Plaintiff states that Plaintiff experienced damage due to the defendants prescribing Zyprexa and Cipro in combination which altered the pharmacological effects of Plaintiff's medication.

*//*

55. Plaintiff states that prescribing Zyprexa and Cipro in combination causes an increase in the blood level of Zyprexa .

56. Plaintiff states that the defendants breached their duty of care prescribing Zyprexa to Plaintiff.

57. Plaintiff states that the defendant breached their duty of care and are negligent for prescribing Zyprexa and Cipro in combination which altered the pharmacological effects of Plaintiff's medications and caused direct injury to Plaintiff.

58. Plaintiff states that the defendant breached their duty of care and are negligent for failing with regard to including but not limited to the management and treatment of Plaintiff.

59. Plaintiff states that the defendants failed to test Plaintiff's liver enzymes, prior to prescribing Zyprexa and failed to monitor Plaintiff's liver enzymes during Plaintiff ingestion of Zyprexa.

60. Plaintiff states that in older people their kidneys are less able to excrete drugs into the urine, and the liver is less able to metabolize drugs.

61. Plaintiff states that the defendants failed to keep Plaintiff informed about the nature of Plaintiff's treatment, the risks and complications involved.

62. Plaintiff states that the defendants failed to disclose and withheld the fact that Zyprexa had been prescribed to Plaintiff.

63. Plaintiff states that the defendants failed to warn, disclose, and provide information regarding any risks , drug interactions associated with medications prescribed to Plaintiff. Plaintiff states that Plaintiff's injuries and damages are a direct cause of the negligence of the defendants.

64. Plaintiff states that the defendants failed in their duty of care to use caution in prescribing Zyprexa to an elderly patient.

65. Plaintiff states that the defendants are negligent for prescribing the antipyschotic drug Zyprexa to a patient with no history of mental health.

66. Plaintiff states that the defendants are negligent for prescribing to Plaintiff an antipsychotic drug for the treatment of knee replacement surgery.

67. Plaintiff states that the defendants failed in their duty of care and are negligent by not performing a cardioversion when Plaintiff was at Brigham and Women's Hospital.

Plaintiff states that direct Cardioversion is the Standard of care because it is the most effective Method, (see Pacing Clin Electrophysiol 2007; 30 (8): 1003-1008)

*13*

68.Plaintiff states that had the defendants performed a cardioversion early on at Brigham and Womens Hospital, Plaintiff would have had a better chance of success converting her heart to normal sinus rhythm.

Plaintiff states that the defendants breached their duty of care and that this breach caused direct damage/ injury to Plaintiff.

69. Plaintiff states that defendants are negligent for agreeing expressly to produce a certain medical result and failing to produce the medical result promised to Plaintiff.

70. Plaintiff states that the defendants violated Plaintiff constitutional rights.


## COUNT II - NEGLIGENCE  ( DR. HARROD )

71. Plaintiff realleges each and every preceding paragraph of her complaint

72. Plaintiff states that Dr. Harrod was negligent in his care and treatment of Plaintiff Victoria Zarlenga in that he failed to care for and treat her in accordance with the standard of care and skill required of and ordinarily exercised by the average qualified physician engaged in medical practice at a professional level such as that in which Dr. Harrod was engaged.


## COUNT III -  CONSTITUTIONAL VIOLATION

73.   Plaintiff realleges each and every preceding paragraph of her complaint

74. Plaintiff states that the defendants violated Plaintiffs constitutional rights.

14

## COUNT IV - VICARIOUS LIABILITY
## (BRIGHAM AND WOMENS HOSPITAL)

75. Plaintiff realleges each and every preceding paragraph of her complaint
    Plaintiff states that Brigham and Woman's Hospital is vicariously liable for the
    negligence of the defendants.

76. Brigham and Woman's Hospital should be held responsible for the conduct of the
defendants.

77. Plaintiff seeks recovery of all elements of damages, including but not limited to
compensatory damages, exemplary damages, and, punitive damages.

78. Wherefore, the Plaintiff demands judgment against the defendants for damages
    and such other relief as this Court deems just.

79. Plaintiff states that Plaintiff reserves the right to further submit, including but not
    limited to documents, affidavits, evidence in support of Plaintiff's claims.

80.  PLAINTIFF HEREBY DEMANDS TRIAL BY JURY AGAINST ALL
     DEFENDANTS ON ALL COUNTS.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted on this ___9th___ day of September 2010.

Victoria Zarlenga
Pro Se
101 Border Street
West Warwick, R.I. 02893
401-821-3960

16